# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 09-180V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | \* | |
| JUSTIN W. GERHARDT, | \* | Filed: May 20, 2015 |
| | \* | |
| Petitioner, | \* | |
| | \* | Decision; Attorney's Fees |
| v. | \* | and Costs |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Julia McInerny*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On March 23, 2009, Justin Gerhardt filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1.

On August 29, 2014, I issued a ruling finding that Petitioner had established that he was entitled to compensation for the injury (ECF No. 95), and I subsequently issued an order indicating that this case was ready for the damages phase (ECF No. 96). Thereafter, this case was again referred to ADR (this time with regards to the issue of damages). ECF No. 105. This ADR was

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

successful, and on March 20, 2015, Respondent filed a proffer proposing an award of compensation. ECF No. 109. I subsequently issued a decision finding the proffer to be reasonable and granting Petitioner an award as outlined in the proffer. Decision, dated Mar. 23, 2015 (ECF No. 110).

Subsequently, I issued a decision granting Petitioner an award of interim attorney's fees and costs as outlined in a stipulation. Interim Attorneys' Fees and Costs Decision, dated Nov. 5, 2014 (ECF No. 102). On May 1, 2015, Petitioner filed a final motion for attorney's fees and costs. ECF No. 114. Petitioner now requests reimbursement of attorney's fees and costs in the amount of $19,220.91, incurred in addition to amounts awarded in my Interim Fees Decision. *Id.* Respondent contacted my chambers and indicated that this amount represents a sum to which she does not object. In addition, and in compliance with General Order No. 9, Petitioner represents that he has advanced no monies in reimbursable costs in pursuit of his claim. Application for Award of Attorney's Fees and Reimbursement of Costs (ECF No. 114) at 23.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $19,220.91 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

       **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.